

**SO ORDERED.**

**SIGNED this 3 day of November, 2021.**

_____
**Stephani W. Humrickhouse
United States Bankruptcy Judge**

_____

## UNITED STATES BANKRUPTCY COURT
### EASTERN DISTRICT OF NORTH CAROLINA
### RALEIGH DIVISION

IN RE:

| | |
|---|---|
| JUSTIN KYLE BOBBITT, | CASE NO. 21-01543-5-SWH |
| MARIA GUADALUPE BOBBITT, | CHAPTER 13 |
| DEBTORS | |

### ORDER GRANTING MOTION TO AVOID JUDICIAL LIEN OF BOBBIE WRENN

This matter comes before the Court upon the Motion of Justin Kyle Bobbitt and Maria Guadalupe Bobbitt ("Debtors") to avoid the judicial lien of Bobbie Wrenn pursuant to 11 U.S.C. § 522(f) and Rules 4003(d) and 9014 of the Federal Rules of Bankruptcy Procedure. It appears to the Court from the record that Bobbie Wrenn was served with the Motion and Notice of the Motion and given an opportunity to respond. The Court finds and concludes from the record herein and the Motion of the Debtors as follows:

1.  This matter is a core proceeding pursuant to 28 U.S.C. § 157, and the court has jurisdiction pursuant to 28 U.S.C. §§ 151, 157, and 1334. The court has the authority to hear this matter pursuant to the General Order of Reference entered August 3, 1984 by the United States District Court for the Eastern District of North Carolina.

2.      The Debtors filed a petition for relief under Chapter 13 of the United States Bankruptcy Code on July 9, 2021 ("Petition Date").

3.      The Debtors own as tenants by the entirety real property located in Franklin County at 2240 NC Hwy 39 North, Louisburg, NC 27549 ("Property") that is more particularly described as follows:

> That certain lot situate on the East side of U.S. Highway 401-N.C. 39, and being bounded on the North by the L. H. Cottrell Heirs, on the East and South by Mrs. W. D. Cottrell and being more particularly described as follows:
>
> BEGINNING at a PK nail set in the centerline of U.S. Highway 401-N.C. 39, said point of beginning being located South 20 degrees 22 minutes 26 seconds West 1,052.15 feet from N.C.G.S. "Pete" 1976, X-2, 208, 711.108' and Y=869,957.204' and said point of beginning being further located in a Southerly direction along the centerline of U.S. Highway 401-N.C. 39, South 17 degrees 37 minutes 32 seconds West 1,009.89 feet from a PK nail set in the centerline of said highway at the point where the same is intersected by the centerline of State Road 1414; running thence from said point of beginning and leaving U.S. Highway 401-N.C. 39, and running along the Southern line for the L. H. Cottrell Heirs South 89 degrees 27 minutes 49 seconds East 370.05 feet to an existing iron stake, corner for Mrs. W. D. Cottrell in the L. H. Cottrell Heirs line; thence along the line of Mrs. W. D. Cottrell South 8 degrees 17 minutes 55 seconds West 192.03 feet to an iron stake; thence in a Westerly direction along the line for Mrs. W. D. Cottrell North 88 degrees 22 minutes 36 seconds West 399.03 feet to an existing PK nail in the centerline of U.S. Highway 401-N.C. 39; thence in a Northerly direction along the centerline of said highway North 17 degrees 52 minutes 58 seconds East 184.14 feet to a PK nail set in the point and place of beginning and containing 1.62 acres according to map of Piedmont Surveys, Inc., dated November 19, 1991, and entitled "Survey for Harry N. Dupree".

The Property had a value of $220,000.00 as of the Petition Date.

4.      The Property is the Debtors' residence, and the Debtors could claim an exemption in the amount of $65,000.00 pursuant to N.C. Gen. Stat. § 1C-1601(a)(1) if there were no liens on the Property.

5.      The Property is encumbered by a first priority deed of trust in favor of State Employees' Credit Union ("1st Mortgage Creditor"). As of the Petition Date, the obligation owed

to the 1st Mortgage Creditor had an unpaid balance of $161,876.63 according to Court Claim #22 filed herein.

6.  Bobbie Wrenn obtained a judgment against the Debtors as referenced in file 15-CVM-78 in the Office of the Clerk of Court of Franklin County in the amount of $156.00, including interest and attorney's fees, as of the Petition Date. That judgment constitutes a judicial lien encumbering the Property.

7.  Pursuant to 11 U.S.C. § 522(f)(2)(A), "a lien shall be considered to impair an exemption to the extent that the sum of (i) the lien; (ii) all other liens on the property; and (iii) the amount of the exemption that the debtor could claim if there were no liens on the property; exceeds the value that the debtor's interest in the property would have in the absence of any liens."

8.  The total amount of the liens on the Property plus the amount of the exemption the Debtors could claim if there were no liens on the Property exceeds the value the Debtors' interest in the Property would have in the absence of any liens; therefore, the judicial lien of Bobbie Wrenn impairs an exemption pursuant to 11 U.S.C. § 522(f)(2)(A) and is subject to avoidance pursuant to 11 U.S.C. § 522(f)(1). The calculations are as follows:

| | |
|---|---:|
| 1st Mortgage Creditor | $161,876.63 |
| Lien of Bobbie Wrenn | $156.00 |
| Exemption | $65,000.00 |
| Total Liens and Exemption | $227,326.93 |
| Less: Property Value | ($220,000.00) |
| Amount of Impairment | $7,326.93 |
| Amount of Lien Avoided | $156.00, or full amount of lien |

It is therefore, ORDERED as follows:

A.  that the Debtors' Motion is granted, and that the lien held by Bobbie Wrenn pursuant to a judgment referenced in file 15-CVM-78 in the Office of the Clerk of Court of Franklin County is hereby avoided and canceled in the full amount of the judgment; and

B. the lien held by Bobbie Wrenn shall have no further force and effect upon the Property, subject to the condition that if this case is dismissed then, pursuant to 11 U.S.C. § 349(b)(1)(B), the lien held by Bobbie Wrenn shall remain valid and enforceable and shall continue to encumber the Property.

**End of Document**